IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THELMA BARNES, et al., )
)
Plaintiffs, )
)
v. )                    CIVIL ACTION NO. 2:05-cv-530-T
)
LIBERTY NATIONAL LIFE )
INSURANCE COMPANY, )
)
Defendant. )

## ANSWER TO COMPLAINT

Defendant Liberty National Life Insurance Company hereby responds as follows to the Complaint heretofore filed in this action.  The assertion of specific defenses is not in any way intended as an assumption by Liberty National of the burden of proof with respect to any issues or defenses for which the plaintiff would otherwise bear the burden of proof.

### FIRST DEFENSE

The Complaint and each count thereof fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint and each count thereof are barred by the applicable statutes of limitation.

### THIRD DEFENSE

The Complaint and each count thereof are barred by the doctrine of repose.

1

## FOURTH DEFENSE

The Complaint and each count thereof are barred by laches.

## FIFTH DEFENSE

The claims asserted under 42 U.S.C. §§ 1981 and 1982 are barred by the McCarran-Ferguson Act.

## SIXTH DEFENSE

The plaintiffs have failed to exhaust administrative remedies.

## SEVENTH DEFENSE

Some or all of the claims asserted are barred under the Filed Rate Doctrine.

## EIGHTH DEFENSE

The complaint for money had and received is barred in that plaintiffs admittedly received the policies paid for.

## NINTH DEFENSE

The complaint for unjust enrichment is barred in that there was an express written contract between the parties.

## TENTH DEFENSE

Some or all of the claims asserted are barred by plaintiff's lack of due diligence.

## ELEVENTH DEFENSE

Some or all of the claims asserted are barred by plaintiff's contributory negligence.

## TWELFTH DEFENSE

Some or all of the claims asserted are barred by res judicata, collateral estoppel, or both.

## THIRTEENTH DEFENSE

Some or all of the claims asserted are barred by release.

## FOURTEENTH DEFENSE

With respect to any policy which contains an arbitration clause, defendant hereby demands arbitration.

## FIFTEENTH DEFENSE

Some or all of the claims asserted herein are subject to on-going injunctions against prosecution.

## SIXTEENTH DEFENSE

This Court lacks subject matter jurisdiction in that no substantial federal question is presented.

## SEVENTEENTH DEFENSE

The conduct made the basis of the complaint is not cognizable under 42 U.S.C. §§ 1981 and 1982 in whole or in part.

## EIGHTEENTH DEFENSE

Neither 42 U.S.C. § 1981 and/or 42 U.S.C. § 1982 applied to post-formation conduct at the time of the events made the basis of this action, and subsequent amendments to 42 U.S.C. § 1981 may not be applied retroactively.

## NINETEENTH DEFENSE

Some or all of the plaintiffs lack standing to assert some or all of the claims set forth in the complaint.

## TWENTIETH DEFENSE

Some or all of the plaintiffs are not the real party in interest with respect to certain policies or claims at issue.

## TWENTY-FIRST DEFENSE

Defendant asserts that there were legitimate nondiscriminatory business reasons for the acts alleged.

## TWENTY-SECOND DEFENSE

Defendant avers that it acted in good faith at all material times.

## TWENTY-THIRD DEFENSE

Defendant avers that it acted in accordance with industry standards at all material times.

## TWENTY-FOURTH DEFENSE

Some or all of the claims asserted are barred by accord and satisfaction.

## TWENTY-FIFTH DEFENSE

Some or all of the claims asserted are barred by the Final Judgment and subsequent orders in Battle v. Liberty National, 70-H-752-S (now 70-J-752-S).

### TWENTY-SIXTH DEFENSE

Some or all of the claims asserted are barred by the Final Judgment in <u>Robertson v. Liberty National, a/k/a Adams v. Robertson</u>, 676 So.2d 1265 (Ala. 1995).

### TWENTY-SEVENTH DEFENSE

Some or all of the claims asserted are barred by plaintiffs' lack of reasonable reliance.

### TWENTY-EIGHTH DEFENSE

Some or all of the claims asserted are subject to the primary or exclusive jurisdiction of the applicable state Department of Insurance.

### TWENTY-NINTH DEFENSE

Some or all of the claims asserted are barred by the express written terms of the contracts at issue.

### THIRTIETH DEFENSE

Some or all of the claims asserted are barred by the doctrines of ratification, acquiescence or consent.

### THIRTY-FIRST DEFENSE

Some or all of the claims asserted are barred by the doctrines of waiver and estoppel.

### THIRTY-SECOND DEFENSE

Some or all of the claims asserted are barred by the statute of frauds.

## THIRTY-THIRD DEFENSE

The imposition of punitive damages against Defendant for the conduct alleged in the Complaint is prohibited by <u>BMW v. Gore</u>, 116 S. Ct. 1589 (1996).

## THIRTY-FOURTH DEFENSE

The imposition of punitive damages against Defendant is precluded by the October 8, 1996 order of the Circuit Court of Barbour County finding that the imposition of punitive damages against Defendant for the conduct alleged in the plaintiffs' Complaint is not warranted, and that the Constitution of the State of Alabama and the United States Constitution prohibit any further award of punitive damages in the State of Alabama for such conduct.

## THIRTY-FIFTH DEFENSE

To award punitive damages against Defendant in this case would violate the Contracts Clause of Article I, Section 10 of the United States Constitution, as an award of punitive damages would impair the contractual obligations of any contracts involving the plaintiffs and Defendant.

## THIRTY-SIXTH DEFENSE

The plaintiffs cannot recover punitive damages against Defendant because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended (the "Alabama Constitution"), and the Constitution of the United States (the "United States Constitution"), unless Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

## THIRTY-SEVENTH DEFENSE

The plaintiffs' claim for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution, and Art. I, § 6 of the Alabama Constitution, separately and severally, in that the damages claimed are penal in nature while Defendant is required to disclose documents and/or other evidence without the safeguard against self-incrimination as provided, respectively, in the United States Constitution and the Alabama Constitution.

## THIRTY-EIGHTH DEFENSE

To award punitive damages against Defendant in this case would violate the commerce clause of the United States Constitution by chilling and impeding Defendant from engaging in interstate commerce.

## THIRTY-NINTH DEFENSE

To award punitive damages against Defendant in this case would have a chilling effect upon Defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

## FORTIETH DEFENSE

To award punitive damages against Defendant in this case would violate the excessive fines provision of the Eighth Amendment to the United States Constitution and Art. I, § 15 of the Alabama Constitution.

## FORTY-FIRST DEFENSE

Subjecting Defendant to an award of punitive damages or affirming such an award in this case would amount to and constitute a denial of due process as afforded by the due process

clause of the Fourteenth Amendment to the United States Constitution, and by the due process clause of Art. I, § 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)    Any award of punitive damages against Defendant under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of a preponderance of the evidence, and not upon a standard of evidence beyond a reasonable doubt;

(b)    Under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria to protect Defendant against the imposition of grossly excessive punitive damages;

(c)    Use of the Alabama Pattern Jury Instructions 11.03 in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standard for the award or amount of punitive damages;

(d)    Any punitive damage award would not be subject to post-trial and judicial review on the basis of objective standards and criteria;

(e)    The power and authority imposed upon the jury under Alabama law as to the amount of a punitive damage award is so relatively unfettered that there is lacking any reasonable or logical standard, uniformity, criteria or guidance in the assessment of the amount of the award of punitive damages;

8

(f)     Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and a defendant's alleged wrongful or culpable conduct;

(g)     Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h)     Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i)     The plaintiffs' attempt to base punitive damages upon an alleged "pattern and practice" of conduct constitutes a constitutionally impermissible attempt to punish Defendant, in Alabama, for conduct in other states where Defendant's conduct was or is legal; such an imposition of punitive damages would not only be contrary to the Due Process clause of the Alabama and U. S. Constitutions, it would likewise be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(j)     Under Alabama law, an award of punitive damages may be assessed against a defendant for unauthorized acts of its agent or agents without any additional requirement of knowledge or fault on the part of that defendant;

(k)   Under Alabama law, an award of punitive damages may be assessed against a defendant "vicariously" as a principal without any further proof of independent wrongful conduct or ratification by that defendant.

## FORTY-SECOND DEFENSE

Plaintiffs are not entitled to recover punitive damages pursuant to Ala. Code § 6-11-20 to 6-11-30, and thereby claim for such damages is barred.

## FORTY-THIRD DEFENSE

Plaintiffs are not entitled to punitive damages from Defendant pursuant to the facts alleged in their complaint.

## FORTY-FOURTH DEFENSE

Plaintiffs' claims are misjoined in this action.

## FORTY-FIFTH DEFENSE

Any claims for alleged constitutional violations fail because there is no state action upon which they are based.

## FORTY-SIXTH DEFENSE

Any criteria, factors, circumstances or requirements considered by the defendant were related to legitimate factors and policy requirements and were not based upon any discriminatory or impermissible consideration.

### FORTY-SEVENTH DEFENSE

Liberty National denies that Plaintiffs reasonably or justifiably relied upon any alleged misrepresentation or omission by Liberty National or its agents, or that Plaintiffs were damaged as the proximate result of any alleged misrepresentation or omission.

### FORTY-EIGHTH DEFENSE

Liberty National pleads that the transactions alleged were voluntarily undertaken by Plaintiffs, that Plaintiffs had the opportunity, if not the obligation, to read all documents presented to or signed by Plaintiffs, that the terms of the agreement were fully disclosed to Plaintiffs, and that Plaintiffs knowingly entered into the transaction, having either understood the transaction or having failed to avail themselves of the opportunity to understand the transaction.

### FORTY-NINTH DEFENSE

Liberty National has complied with all relevant federal and state requirements regarding the transactions that are the subject of this lawsuit.

### FIFTIETH DEFENSE

Liberty National cannot be held for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant pursuant to Ala. Code § 6-11-27 (Supp. 1991).

### FIFTY-FIRST DEFENSE

Plaintiffs' claims for punitive damages are not properly triable to a jury for the reasons set forth in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001).

### FIFTY-SECOND DEFENSE

An award of punitive damages in this case would violate the Eighth Amendment of the United States Constitution.

### FIFTY-THIRD DEFENSE

An award of punitive damages in this case is limited or precluded by the Alabama Supreme Court's decision in <u>Horton Homes, Inc. v. Brooks</u>, 2001 WL 1520623 (Ala. 2001).

### FIFTY-FOURTH DEFENSE

The Civil Rights Act of 1991 may not be applied retroactively and is thus inapplicable to the policies at issue and inapplicable to the plaintiffs' claims asserted herein.

### FIFTY-FIFTH DEFENSE

Some or all of the plaintiffs' claims are barred in that the Alabama Department of Insurance specified and mandated the rates to be charged for industrial burial insurance insuring African-Americans during some or all of the time periods in question, and had authority to supervise or disapprove rates for the policies in question.

### FIFTY-SIXTH DEFENSE

Some or all of plaintiffs' claims are barred by the public filings mandated by the Alabama Department of Insurance during the time period in question.

### FIFTY-SEVENTH DEFENSE

Plaintiffs were on notice of their claims as a matter of law more than two years prior to the filing of the Complaint.

## FIFTY-EIGHTH DEFENSE

Some or all of the claims asserted are within the primary or exclusive jurisdiction of the Alabama Department of Insurance.

## FIFTY-NINTH DEFENSE

Some or all of the claims asserted are barred by the written terms of the policies themselves.

For answer to the specific accounts and paragraphs of the plaintiff's complaint, defendant responds as follows:

1-100. On present information and belief, admitted.

101.    Defendant admits that it is an Alabama corporation and that it conducts business in several states. Liberty National admits that it sold various insurance products, including life insurance, burial insurance, and health and accident insurance, at various times. Defendant is presently unsure of precisely what is included in plaintiffs' definition of "industrial insurance products," and therefore denies, on present information and belief, all allegations relating to same. Defendant admits that at certain times, Service Insurance Company of Alabama was a wholly owned subsidiary of Liberty National Life Insurance Company and that Service Insurance Company was at some point in time dissolved and its in-force business reinsured by Liberty National Insurance Company. Liberty National denies that Service Insurance Company was at all times encompassed by the complaint a wholly owned subsidiary of Liberty National Insurance Company, and avers instead that Service Insurance Company was at one point in time a separate and unrelated entity. All remaining allegations of paragraph 101 are denied.

102.    On present information and belief, admitted.

13

103.   Defendant denies the complaint in this action presents any substantial federal question, and therefore denies the allegations of jurisdiction and venue set forth in paragraph 103.   Defendant admits that Liberty National's principal place of business is located in Birmingham, Alabama.  Except as expressly admitted herein, the allegations of paragraph 103 are denied.

104.   Defendant admits that plaintiffs purport to bring this action as set forth in paragraph 104, but denies that plaintiffs are entitled to do so.  Defendant further denies that it engaged in the conduct described in paragraph 104. Defendant further denies that the definitions set forth in paragraph 104 are accurate, intelligible, or unambiguous, and instead avers that said definitions are circular, vague, and inaccurate.   Except as expressly admitted herein, the allegations of paragraph 104 are denied.

105.   Defendant admits that plaintiffs purport to bring this action as specified in paragraph 105, but denies that plaintiffs are entitled to do so.  Defendant further denies the allegations of an unlawful or unconscionable scheme or course of conduct.  Except as expressly admitted herein, the allegations of paragraph 105 are denied.

106.   Denied.

107.   Liberty National admits that it has at certain times offered collection of premiums on certain of its industrial insurance products by way of debit collection, but denies that debit collection was promised or guaranteed in the policy.   Liberty National further avers that industrial insurance is defined by the Alabama Code.  Except as expressly admitted herein, the allegations of this paragraph are denied.

14

108.    Liberty National admits that Service and Liberty National each offered their own policies at their own rates, but otherwise denies the allegations of paragraph 108.

109.    In response to paragraph 109, Liberty National avers that the terms of the policies at issue speak for themselves.  Liberty National admits that it has sold and serviced various policies during various periods of time through agents who are given "debit routes."  Defendant further admits that it has in the past sold burial insurance as set forth in orders and judgments in Battle v. Liberty National, CV-70-H-752-S (now 70-J-752-S).  Except as expressly admitted herein, the allegations of paragraph 109 are denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Liberty National admits that beginning in approximately 1996, it generally began phasing out the practice of home premium collection except in cases of special need, special request, or individualized agreement with particular customers.  The phase-out occurred over a significant period of time, and began at different times in different sales districts, and those who switched from debit collection to notice collection as part of this phase-out received a premium discount in return.  Except as expressly admitted herein, the allegations of paragraph 115 are denied.

116.    Denied.

117.    Denied.

15

118.    Denied, except that Liberty National admits that premiums are the consideration for insurance coverage.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Defendant admits that the 1941 mortality tables were commonly accepted throughout the insurance industry and among all state commissioners of insurance, and that said mortality tables reflected a significant difference in mortality by race, as have numerous other mortality studies before and since, including mortality statistics maintained by the United States Census Bureau.    Except as expressly admitted herein, the allegations of paragraph 127 are denied.

128.    Denied.

129.    Denied.

130.    Liberty National avers that the policies at issue speak for themselves, and otherwise denies the allegations of this paragraph.

131.    Denied, except that Liberty National admits that premiums for certain policies varied based upon age, policy type, and face amount.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied, except that Liberty National admits that during certain periods of time occupation-related factors were part of the criteria for determining applicable rates.

146.    Denied.

147.    Denied.

148.    Denied.

17

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Liberty National admits upon information and belief that plaintiffs are African-American individuals.  All other material allegations of paragraph 155 are denied.

156.    Denied.

157.    For response to paragraph 157 of the Complaint, defendant incorporates by reference herein its responses to paragraphs 1 through 156 above, as if set forth separately and severally herein.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.  Defendant further denies that plaintiffs are entitled to any of the relief sought in Count I of the Complaint.

162.    For response to paragraph 162 of the Complaint, defendant incorporates by reference herein its responses to paragraphs 1 through 161 above, as if set forth separately and severally herein.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.  Defendant further denies that plaintiffs are entitled to any of the relief sought in Count II of the Complaint.

168.   For response to paragraph 168 of the Complaint, defendant incorporates by reference herein its responses to paragraphs 1 through 167 above, with the same force and effect as if set forth separately and severally herein.

169.   Denied.  Liberty National admits that at various times it offered a nonguaranteed option for home premium collection on certain policies, but otherwise denies the allegations of paragraph 169.

170.   Defendant admits that beginning in approximately 1996, Liberty National began to phase out its home premium collection option.  The phase-out began at different times and different districts, and customers who ceased to have home premium collection received a premium discount in return.  To this date, Liberty National still offers home premium collection in cases of special need, special requests, or as mutually agreed upon between Liberty National and specific customers.  Except as expressly admitted herein, the allegations of paragraph 170 are denied.

171.   Denied.

172.   Denied.  Defendant further denies that plaintiffs are entitled to any of the relief sought in Count III of the Complaint.

## JURY DEMAND

Liberty National demands a trial by jury on all issues so triable.

_____
Robert J. Campbell (CAM059)

<u>OF COUNSEL</u>
Michael R. Pennington
Anne Marie Seibel
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Scott B. Smith, Esq.
BRADLEY ARANT ROSE & WHITE LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
Telephone: (256) 517-5100
Facsimile: (256) 517-5200

William J. Baxley
William C. Barclift, III
Betsy P. Collins
BAXLEY, DILLARD, DAUPHIN & McKNIGHT
2008 3rd Avenue South
Birmingham, AL 35233
Telephone: (205) 271-1100
Facsimile: (205) 271-1108

Floyd D. Gaines
GAINES LLC
P.O. Box 395
Birmingham, AL 35203
Telephone: (205) 320-2812
Facsimile:  (205) 320-2811

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

Jere L. Beasley, Esq.
W. Daniel "Dee" Miles, Esq.
C. Gibson Vance, Esq.
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
272 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

by placing a copy of same in the United States Mail, first-class postage prepaid, on this _____28th_____ day of June, 2005.

_____
OF COUNSEL